**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHERRIE A. BRAXTON,<br><br>                            Plaintiff,<br><br>          vs.<br><br><br>CREDIT ONE BANK, N.A.,<br><br>                            Defendant. | Case No.<br><br><br>COMPLAINT FOR VIOLATIONS OF<br>THE FAIR CREDIT REPORTING ACT<br><br><br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Sherrie A. Braxton ("Plaintiff") brings this action against defendant Credit One Bank, N.A. ("Credit One" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendant has been reporting inaccurate payment status information about Plaintiff's Credit One account. Specifically, although the account was closed with a $0 balance, Defendant continued to report that the current payment status of the account was 60 days late. Although Plaintiff disputed the reporting in writing, Defendant failed to correct the reporting. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

### PARTIES

2.      Plaintiff resides in Black Jack, Missouri, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

3.      Defendant Credit One is a foreign corporation that regularly conducts business in this District. Credit One qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

4.      The claims asserted in this complaint arise under § 1681s-2(b) of the FCRA.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## SUBSTANTIVE ALLEGATIONS

**A.      The FCRA**

6.      The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.  *See* 15 U.S.C. § 1681.

7.      To that end, the FCRA imposes the following twin duties on consumer reporting agencies ("credit bureaus"): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

8.      Credit bureaus must immediately notify a furnisher if a consumer disputes the accuracy of information reported by that furnisher.  Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

9.      Plaintiff has a legally protected interest in Defendant fulfilling duties under the FCRA.

**B.    Defendant Willfully Violated the FCRA and Harmed Plaintiff**

10.    Defendant has been reporting inaccurate payment status information about Plaintiff's Credit One account.

11.    Specifically, although the account was closed and had a $0 balance, Defendant reported that the payment status of the account was 60 days late.

12.    The reporting of a derogatory payment status on account that is paid and closed is inconsistent with the industry standard.

13.    The payment status field is specifically designed to reflect the current status of the account.  Thus, credit scoring algorithms specifically take this field into account when calculating and generating a credit score.

14.    As a result, when a late status is reported in the pay status field, even where the account has a zero balance or zero monthly obligation, the credit scoring algorithm calculates the negative status as an active delinquency.

15.    This causes the credit score generated to be lower than it would be if the pay status was reported as closed, consistent with industry standard.

16.    A lower credit score hurts a consumer's creditworthiness because lenders have different tiers of risk.  A consumer with a lower credit score will often be placed into a lower tier. Thus, Plaintiff's creditors and prospective creditors are misled as a result of a lower credit score caused by Credit One's erroneous payment status because the creditors make their credit lending decisions based substantially on the credit scores generated by the credit reporting agencies.

17.    To address the incorrect status, which was artificially lowering Plaintiff's credit score, on October 22, 2020, Plaintiff disputed the reporting by submitting a written dispute through

Equifax's FCRA compliance department.  The dispute explained that it was inaccurate to report a current delinquency in the Payment Status field because the account was paid and closed.

18.     Equifax, in turn and as required by federal statute, notified Credit One of Plaintiff's dispute.

19.     The receipt of the dispute triggered Defendant's obligation to conduct an investigation, mark the account as disputed, and correct the misleading reporting.

20.     Defendant, however, failed to conduct an investigation, failed to mark the account as disputed, and failed to correct the misleading reporting.

21.     Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

22.     Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

## COUNT I

**Against Credit One for Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

23.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

24.     Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> *(A)     conduct an investigation with respect to disputed information;*
>
> (B)     review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

    (C)    report the results of the investigation to the consumer reporting agency; [and]

    (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

25.    Defendant Credit One failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Equifax.

26.    Defendant Credit One willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to Equifax.

27.    Instead of removing the inaccurate information, Defendant Credit One improperly verified that the reporting was accurate.

28.    As a result of Defendant Credit One's misconduct, Plaintiff has suffered actual damages in the form of harm to credit reputation and credit score, and emotional distress.

29.    Defendant Credit One's misconduct was a direct and proximate cause of Plaintiff's damages.

30.    As a result of Defendant Credit One's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a)    awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b)    awarding attorney's fees and costs, and other relief; and

c)    awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: June 2, 2021                    **COHEN & MIZRAHI LLP**

                                       */s/ Edward Y. Kroub*
                                       EDWARD Y. KROUB
                                       300 Cadman Plaza West, 12th Floor
                                       Brooklyn, NY  11201
                                       Phone: 929/575-4175
                                       Fax: 929/575-4195
                                       ekroub@cmlattorneys.com

                                       *Attorney for Plaintiff*